UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. KISER,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:18-cv-00518-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 1, 18 |

Daniel W. Kiser ("claimant") challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. ECF No. 1. At a hearing on July 10, 2019, I heard argument from the parties. I have reviewed the record, administrative transcript, briefs of the parties, and applicable law, and have considered the arguments made at the hearing. For the reasons stated in this order, I vacate the administrative decision of the Commissioner and remand this case for further proceedings before the Administrative Law Judge ("ALJ").

**I.  STANDARD OF REVIEW**

My review is limited: On appeal, I ask only (1) whether substantial evidence supports the Commissioner's factual findings and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g). "Substantial evidence" means more than a scintilla of evidence

1

but may be less than a preponderance. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). I will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence, because I may not substitute my judgment for that of the Commissioner. *Id.* I review only the reasons provided by the Commissioner in the disability determination and may not affirm based on a ground upon which the Commissioner did not rely. *See Revels*, 874 F.3d at 654.

## II.     ANALYSIS

The ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of claimant's impairments meet or exceed the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform his past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920. The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since March 1, 2009. AR 21. At step two, the ALJ found that claimant had three severe impairments: osteoarthritis, obesity, and intellectual disability. AR 21-22. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or exceeded the severity of the listed impairments. AR 22. Before proceeding to step four, the ALJ found that claimant had the residual functional capacity ("RFC") to perform a wide range of medium work, with some limitations. AR 26-31. At step four, the ALJ found that claimant could not perform past relevant work. AR 31. At step five, the ALJ found that considering claimant's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that the claimant could perform. AR 32-33.

**A. Listing 12.05C**

The Social Security Regulations' "Listing of Impairments" identifies impairments to fifteen categories of body systems that are considered severe enough to preclude employment. *See Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are automatically disabling if the requirements of that listing are met. *See* 20 C.F.R. § 404.1520(d). Thus, if a claimant meets the criteria for a listing, the ALJ need not determine claimant's RFC and does not proceed to steps four and five. *See id.*

Listing 12.05 defines intellectual disability as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (2011).[1] The listing then breaks down intellectual disabilities into four levels of severity—A, B, C, or D. This case pertains to section C, which requires, "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*

Claimant has a valid full-scale IQ score of 67 and physical impairments—imposing additional and significant work-related limitations—of osteoarthritis and obesity. *See* AR 21, 23. The only element of Listing 12.05C that the parties dispute[2] is whether claimant's evidence demonstrates the onset of "subaverage intellectual functioning with deficits in adaptive functioning" before age 22. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013).

---

[1] This listing has been revised. I apply the listing that was in effect when claimant applied for benefits and when the ALJ issued her opinion.

[2] Claimant makes five arguments on appeal: (1) that the ALJ's finding that listing 12.05 was not met because claimant did not establish deficits in adaptive functioning prior to age 22 is not supported by substantial evidence; (2) that the ALJ's finding regarding claimant's mental limitations fails to fully encompass the findings of the consultative examiners; (3) that the ALJ erred in his evaluation of claimant's subjective complaints; (4) that the ALJ failed to properly assess the lay evidence of record; and (5) that the Commissioner failed to satisfy her burden of establishing that there is other work in the national economy that claimant can perform. I find in claimant's favor as to the first argument, and so I do not reach the remaining points.

In this case, the ALJ considered claimant's evidence and decided that claimant had not shown deficits in adaptive functioning under Listing 12.05C. AR 25. Specifically, the ALJ considered claimant's testimony, a psychological examination by Mr. Mattesich, a statement from claimant's former employer at Ken's Tire Service, a statement from the Social Security Administration employee who interviewed claimant when he applied for benefits, a function report prepared by Ms. Little, claimant's school records, claimant's activities of daily living, claimant's social functioning, and claimant's concentration, persistence, and pace. AR 22-25. While claimant presented some evidence regarding his adaptive functioning—including that he took special day classes, had an unskilled work history with accommodations, and was illiterate— the ALJ found that claimant's evidence failed to establish that his deficits in adaptive functioning appeared before age 22, as required by Listing 12.05C.

Claimant argues that the ALJ should have found that his enrollment in special education classes and his illiteracy met the Listing 12.05C criteria, citing *Potts v. Colvin*, 637 Fed. App'x 475 (9th Cir. 2016). In *Potts*, the Court of Appeals considered the criterion, found in Listing 12.05, that claimant "demonstrate or support onset of the impairment before age 22." *Id.* at 476 (internal citation omitted). The court considered this element of the test to be met because "the school records [claimant] provided *plainly establish* that his intellectual impairments and deficits in adaptive functioning began before he turned 22." *Id.* (emphasis added). The record in *Potts* included IQ tests from when claimant was 16. *See* Administrative Record in *Potts v. Comm'r of Soc. Sec.*, Case No. 2:12-cv-02870-CKD (Apr. 17, 2013), ECF No. 12 at 207 [hereinafter *Potts* AR]. However, the Ninth Circuit did not mention those tests or rely on them to find in claimant's favor.[3] The fact that claimant had enrolled in special education courses during his youth was

---

[3] Although the Ninth Circuit has not explicitly stated that an adult IQ score creates a rebuttable presumption that the impairment existed before the age of 22, a childhood IQ score is not required to meet the listing. *See Mathews v. Colvin*, 170 F. Supp. 3d 1277, 1281 (E.D. Cal. 2016). The Ninth Circuit has held that "evidence *from* the developmental period is not required to establish that the impairment began before the end of the developmental period." *Hernandez v. Astrue*, 380 Fed. App'x 699, 700 (9th Cir. 2010). Instead, intellectual disability may be found "if the evidence suggests an early onset of low mental functioning, even if no one tested Plaintiff's intelligence until adulthood." *Id.* (noting that repetition of fourth grade, poor grades, and failure to attend high school constitute such evidence).

4

sufficient to find that it was legal error for the ALJ to discredit claimant's showing that his deficits in adaptive functioning appeared before age 22.

Every federal district court to address this issue in the Ninth Circuit since the *Potts* decision has held that evidence of enrollment in special education courses—sometimes combined with an unskilled work history, failure to graduate from high school, or other evidence—establishes deficits in adaptive functioning apparent before age 22. *See Brenda S. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-00393-JE, 2019 WL 4180008, at *6 (D. Or. June 24, 2019) (finding that claimant satisfied the introductory paragraph of Listing 12.05 because she "received special education services, was held back in fourth grade and left school before graduating high school"); *Beaty v. Berryhill*, No. C17-6056-RSM-JPD, 2018 WL 6028024, at *6 (W.D. Wash. Oct. 24, 2018) (finding that claimant met the 12.05C initial criteria because he had a school history of special education courses and dropped out in eighth grade); *Caffall v. Berryhill*, No. C17-5051-MAT, 2017 WL 5009692, at *4 (W.D. Wash. Nov. 2, 2017) (finding that claimant satisfied the first prong of Listing 12.05C because he "participated in special education and still has deficits in his ability to read, write, and understand mathematics, and . . . his work history involved primarily unskilled jobs"); *Martinez v. Colvin*, No. CV 15-9340 AGR, 2016 WL 4446442, at *3 (C.D. Cal. Aug. 19, 2016) (relying upon claimant's special education classes to find that he met the criteria in Listing 12.05C). While these decisions do not bind this court, I find them persuasive.

Claimant did not finish high school, but he did enroll, and while enrolled he attended special day classes.[4] *See* AR 23-24. Claimant's work history is sparse and limited to unskilled labor, with some accommodations. *See* AR 22-23. Claimant is illiterate. *See* AR 23-25. These facts satisfy the manifestation-before-age-22 criterion for Listing 12.05C because they plainly establish that claimant's deficits in adaptive functioning began during childhood.

The Commissioner argues that *Potts* and subsequent cases are unlike this one because claimant's school records do not plainly establish deficits, claimant's IQ score is higher than

---

[4] Claimant took special day classes for all academic courses. He took some regular classes for non-academic courses, such as meat cutting. AR 24.

5

some, his disabilities are different, he has some work history, and he could drive. *See* ECF No. 31 at 6-7. These distinctions are uncompelling. Notably, the claimant in *Potts* had a work history, took some non-academic courses that were not special education in high school, completed high school, and finished his driver's education training. *Potts* AR 20, 207. More fundamentally, to establish deficits in adaptive functioning appearing before age 22, claimant need not show that he fell short of all relevant functional benchmarks. It is enough for claimant to show that his academic classes were special day classes, that he did not finish high school, that he is illiterate, and that he has an unskilled work history.

The ALJ did not consider whether claimant met the other two criteria for Listing 12.05C—a valid IQ score between 60-70 and another impairment imposing additional and significant work-related limitations. *See* AR 25. However, these points are not disputed by the parties; the record reflects that claimant meets these criteria. Thus, claimant meets Listing 12.05C. Further proceedings would not serve a useful purpose because the undisputed and unambiguous evidence shows that claimant should have been found disabled at step three. Accordingly, the appropriate remedy is to reverse and remand for calculation and award of benefits. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

### III. CONCLUSION AND ORDER

Daniel W. Kiser's appeal from the administrative decision of the Commissioner of Social Security is granted; the ALJ's decision is reversed and this case is remanded with instructions to calculate and award benefits. The clerk of court is directed to (1) enter judgment in favor of plaintiff and against defendant and (2) close this case.

IT IS SO ORDERED.

Dated:   September 25, 2019                               _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 204